# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | Case Number 4:22-CR-162 |
| | § | Judge Mazzant |
| EDWARD WALSH VAUGHAN (1) | § | |
| HADI AKKAD (2) | § | |
| | § | |

## COURT'S INSTRUCTIONS TO THE JURY

**Members of the Jury**:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case. Finally, I will explain to you the procedures you should follow in your deliberations.

## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely on the evidence, without prejudice or sympathy, and without consulting any outside or online source or materials. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The First Superseding Indictment or formal charge against a Defendant is not evidence of guilt. Indeed, the Defendants are presumed by the law to be innocent. The Defendants begin with a clean slate. The law does not require a Defendant to prove his or her innocence or produce any evidence at all and no inference whatsoever may be drawn from the election of a Defendant not to testify.

The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit that Defendant. While the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the

Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

## EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses and the exhibits. The questions, statements, objections, and arguments made by the parties are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the parties say is not binding on you.

During the trial, I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the

witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

### EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of a Defendant beyond a reasonable doubt before you can find him or her guilty.

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the Government has proved the guilt of any Defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the Government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did

the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a Defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier

statements to determine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

## IMPEACHMENT BY PRIOR CONVICTION

You have been told that some of the witnesses were convicted of a crime. A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility. It has been brought to your attention only because you may wish to consider it when you decide whether you believe the witness's testimony. It is not evidence of anything else.

## ACCOMPLICE-CODEFENDANT-PLEA AGREEMENT

In this case the Government called as witnesses alleged accomplices, named as Co-Defendants in the Indictment, with whom the Government has entered into a plea agreement. Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court.

An alleged accomplice, including one who has entered into a plea agreement with the Government, is not prohibited from testifying. On the contrary, the

testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a Defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt.

The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

## EXPERT OPINION TESTIMONY

If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

## **"ON OR ABOUT"**

You will note that the First Superseding Indictment charges that the offenses were committed on or about a specified date. The Government does not have to prove that the crime was committed on those exact dates, so long as the Government proves beyond a reasonable doubt that the Defendant committed the crime on a date reasonably near the dates stated in the First Superseding Indictment.

## **VENUE—CONSPIRACY**

The events presented at trial happened in various places. There is no requirement that the entire conspiracy in Count 1 for conspiracy to commit wire fraud or the entire conspiracy in Count 2 for conspiracy to commit money laundering took place in the Eastern District of Texas, but in order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that either the agreement or an overt act took place in this district, even if the defendant never set foot in the district. An overt act is an act performed to effect the object of a conspiracy, although it remains separate and distinct from the conspiracy itself. Though the overt act need not be of a criminal nature, it must be done in furtherance of the object of the conspiracy.

Unlike the other elements of the offense, this is a fact that the government has to prove only by a preponderance of the evidence. This means the government has

to convince you only that it is more likely than not that part of the conspiracy took place in the Eastern District of Texas. All other elements of the offense must be proved beyond a reasonable doubt. You are instructed that the following counties are located in located in the Eastern District of Texas: Aderson, Angelina, Bowie, Camp, Cass, Cherokee, Collin, Cooke, Delta, Denton, Fannin, Franklin, Gregg, Grayson, Hardin, Harrison, Henderson, Hopkins, Houston, Jasper, Jefferson, Lamar, Liberty, Marion, Morris, Nacogdoches, Newton, Orange, Panola, Polk, Rains, Red River, Rusk, Sabine, San Augustine, Shelby, Smith, Titus, Trinity, Tyler, Upshur, Van Zandt, and Wood.

## <u>CAUTION—CONSIDER ONLY CRIME CHARGED</u>

You are here to decide whether the Government has proved beyond a reasonable doubt that the Defendants are guilty of the crimes charged. The Defendants are not on trial for any act, conduct, or offense not alleged in the First Superseding Indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

## CAUTION—PUNISHMENT

If a Defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

## MULTIPLE DEFENDANTS—MULTIPLE COUNTS

A separate crime is charged against one or more of the Defendants in each Count of the First Superseding Indictment. Each Count, and the evidence pertaining to it, should be considered separately. The case of each Defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other Defendant. You must give separate consideration to the evidence as to each Defendant. You'll note that Gina Ellingsen is no longer before you. You are instructed not to consider this for any purpose.

## SIMILAR ACTS

You have heard evidence of acts of a Defendant which may be similar to those charged in the First Superseding Indictment, but which were committed on other occasions. You must not consider any of this evidence in deciding if any of the Defendants committed the acts charged in the First Superseding Indictment. However, you may consider this evidence for other, very limited purposes.

11

If you find beyond a reasonable doubt from other evidence in this case that the Defendants did commit the acts charged in the First Superseding Indictment, then you may consider evidence of the similar acts allegedly committed on other occasions to determine:

Whether the Defendant had the state of mind or intent necessary to commit the crime charged in the First Superseding Indictment;

**or**

Whether the Defendant had a motive or the opportunity to commit the acts charged in the First Superseding Indictment;

**or**

Whether the Defendant acted according to a plan or in preparation for commission of a crime;

**or**

Whether the Defendant committed the acts for which he or she is on trial by accident or mistake.

These are the limited purposes for which any evidence of other similar acts may be considered.

## <u>CAUTIONARY INSTRUCTION DURING TRIAL—TRANSCRIPT OF TAPE-RECORDED CONVERSATION</u>

An exhibit has been identified as a typewritten transcript of an oral conversation which can be heard on the tape recording received into evidence as an exhibit. The transcript also purports to identify the speakers engaged in such conversations.

I have admitted the transcript for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape recording, and also to aid you in identifying the speakers.

You are specifically instructed that whether a transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent. It is what you hear on the tape that is evidence, not the transcript.

## SUMMARIES AND CHARTS NOT RECEIVED IN EVIDENCE

Certain charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by testimony, records, and other documents in the case. These charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that has been admitted.

## SUMMARIES AND CHARTS RECEIVED IN EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 1006

Certain charts and summaries of other records have been received into evidence. They should be considered like any other evidence in the case. You should give them only such weight as you think they deserve.

## SUMMARY WITNESS TESTIMONY AND CHARTS BASED ON OTHER EVIDENCE

Summary testimony by a witness and charts or summaries prepared or relied upon by the witness have been received into evidence for the purpose of explaining facts disclosed by testimony and exhibits which are also in evidence in this case. If you find that such summary testimony and charts correctly reflect the other evidence in the case, you may rely upon them. But if and to the extent that you find they are not in truth summaries of the evidence in the case, you are to disregard them. The best evidence of what occurred are the underlying records themselves.

## **STIPULATIONS**

The United Stats and Defendants have agreed that the following facts are true. First, that during the time period alleged in the First Superseding Indictment, ETS's communications and transactions with its merchant clients caused wire transmissions that affected interstate commerce.

Second, on August 25, 2022, the Court imposed a bond condition instructing Defendant Akkad to not open any new personal financial accounts or lines of credit or engage in personal financial transactions in excess of $10,000 without the prior approval of the Court. Mr. Akkad did not obtain prior approval before the transfer of approximately $12 million from a joint account at Truist Bank to an account solely in the name of his wife. Mr. Akkad is not on trial for any violation of his bond, and you may consider this stipulation only in the same way as you may consider "similar acts" described above on pages 11–12.

## **CONSPIRACY TO COMMIT WIRE FRAUD (COUNT ONE)**
### **18 U.S.C. § 1349**

The Defendants are charged in Count One of the First Superseding Indictment with the offense of conspiracy to commit wire fraud in violation of Title 18, United States Code, Section 1349.

Title 18, United States Code, Section 1349, makes it a crime for two or more persons to conspire to commit wire fraud.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member of the conspiracy becomes the agent of every other member.

For you to find any of the Defendants guilty of this crime, you must be convinced that the Government has proved each of the following three elements beyond a reasonable doubt:

***First***: That the Defendant and at least one other person made an agreement to commit the crime of wire fraud, the elements of which are described below;

***Second***: That the Defendant knew the unlawful purpose of the agreement; and

***Third***: That the Defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose.

To show that a Defendant conspired to commit wire fraud, the Government need not prove that the Defendant in fact committed the object offense of wire fraud. However, a person commits wire fraud when:

*First*: The person knowingly devised or intended to devise any scheme to defraud;

*Second*: The scheme to defraud employed false material representations, pretenses, or promises;

*Third*: The person transmitted or caused to be transmitted by way of wire, radio, or television communications, in interstate or foreign commerce, any

writing, sign, signal, picture, or sound for the purpose of executing such scheme; and

*Fourth*: That the person acted with a specific intent to defraud.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all other alleged conspirators. If a Defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the Defendant had not participated before and even though the Defendant played only a minor part.

The Government need not prove an overt act in furtherance of the conspiracy.

Circumstantial evidence can prove that the Defendant knew of the conspiracy and participated in it.

The Government need not prove that the alleged conspirators entered into any formal agreement nor that they directly stated between themselves all the details of the scheme. Similarly, the Government need not prove that all of the details of the scheme alleged in the First Superseding Indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

In your consideration of the conspiracy offense as alleged in the First Superseding Indictment, you should first determine, from all of the testimony and evidence in the case, whether or not the conspiracy existed as charged. If you conclude that a conspiracy did exist as alleged, you should next determine whether or not the Defendant under consideration willfully became a member of such conspiracy, that is with the intent to further its unlawful purpose.

In determining whether a Defendant was a member of an alleged conspiracy, however, the jury should consider only the evidence, if any, pertaining to that Defendant's own acts and statements. A Defendant is not responsible for the acts or declarations of other alleged participants until it is established beyond a reasonable doubt, first, that a conspiracy existed, and second, from evidence of that defendant's own acts and statements that the defendant was one of its members.

On the other hand, if and when it does appear beyond a reasonable doubt from the evidence in the case that a conspiracy did exist as charged, and that the Defendant under consideration was one of its members, then the statements and acts knowingly made and done during such conspiracy and in furtherance of its objects, by any other proven member of the conspiracy, may be considered by the jury as evidence against the Defendant under consideration, even though he was not present to hear the statement made or see the act done.

This is true because, as stated earlier, a conspiracy is a kind of partnership so that under the law each member is an agent or partner of every other member, and each member is bound by or responsible for the acts and the statements of every other member made in pursuit of their unlawful scheme.

A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property or bring about some financial gain to the person engaged in the scheme.

A "specific intent to defraud" means a conscious, knowing intent to deceive and cheat someone.

A representation, pretense, or promise is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation, pretense,

or promise would also be "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

A representation, pretense, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed. In determining materiality, you should consider that naivety, carelessness, negligence, or stupidity of a victim does not excuse criminal conduct, if any, on the part of the Defendant.

## CONSPIRACY TO COMMIT MONEY LAUNDERING (COUNT TWO) 18 U.S.C. § 1956(h)

The Defendants are charged in Count Two of the First Superseding Indictment with the offense of conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956(h).

Title 18, United States Code, Section 1956(h), makes it a crime for anyone to conspire to commit money laundering.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member of the conspiracy becomes the agent of every other member.

For you to find any of the Defendants guilty of this crime, you must be convinced that the Government has proved each of the following three elements beyond a reasonable doubt:

*__First__*: That the Defendant and at least one other person made an agreement to commit the crime of money laundering, the elements of which are described below;

*__Second__*: That the Defendant knew the unlawful purpose of the agreement; and

*__Third__*: That the Defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose.

To show that a Defendant conspired to commit money laundering, the Government need not prove that the Defendant in fact committed the object offense of money laundering under Title 18, United States Code, Section 1956(a)(1)(B)(i) and Title 18, United States Code, Section 1957. However, a person commits the crime of money laundering when:

Under 18 U.S.C. § 1956(a)(1)(B)(i):

*First*: The person knowingly conducts or attempts to conduct a financial transaction;

*Second*: The financial transaction involved the proceeds of a specified unlawful activity, namely wire fraud;

*Third*: The person knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and

*Fourth*: The person knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.

***or***

Under 18 U.S.C. § 1957 when:

*First*: The person knowingly engaged or attempted to engage in a monetary transaction;

*Second*: That the monetary transaction was of a value greater than $10,000;

*Third*: That the monetary transaction involved criminally derived property;

*Fourth*: That criminally derived property was derived from specified unlawful activity;

*Fifth*: That the defendant knew the monetary transaction involved criminally derived property; and

*Sixth*: That the monetary transaction took place in the United States.

I instruct you that wire fraud is a specified unlawful activity and is a felony.

My prior instructions about conspiracy discussed above in Count 1 for conspiracy to commit wire fraud continue to apply to the conspiracy described in Count 2 for conspiracy to commit money laundering.

## "KNOWINGLY"—TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## COMMERCE—DEFINED

Commerce includes travel, trade, transportation, and communications.

## INTERSTATE COMMERCE—DEFINED

Interstate commerce means commerce or travel between one state, territory, or possession of the United States and another state, territory or possession of the United States, including the District of Columbia. Transmission by means of internet may constitute transportation in interstate commerce.

## DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous as to each Count for each Defendant in the First Superseding Indictment.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other

influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the Government has proved the Defendants guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form for each Defendant has been prepared for your convenience. On the form for Defendant Vaughan and Defendant Akkad, you will find both Count One and Count Two listed. For each Count, two blanks appear. One is for guilty, the other is for not guilty. You are instructed that you must determine whether each Defendant is either guilty or not guilty of each Count.

The foreperson will write the unanimous answer of the jury in the space provided for each Count of the First Superseding Indictment, either "guilty" or "not

guilty." At the conclusion of your deliberations, the foreperson should initial and date the verdict.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, BlackBerry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube, or Twitter to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the Court, how the jury stands, numerically or otherwise, on any Count in the First Superseding Indictment, until after you have reached a unanimous verdict.

**SIGNED this 14th day of April, 2025.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE